Saul D. Zabell
**ZABELL & ASSOCIATES, P.C.**
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel.: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE TORRES,<br><br>       **Plaintiff,**<br><br> – against –<br><br>MAJOR AUTOMOTIVE GROUP, MAJOR WORLD, HAROLD BENDEL, CHRIS OSIRIS and ADAM COHEN,<br><br>       **Defendants.** | **COMPLAINT**<br><br>Case No.:<br><br>**Jury Trial Demanded** |

Plaintiff, **JOSE TORRES** (hereinafter, "Plaintiff"), by and through his attorneys, **ZABELL & ASSOCIATES, P.C.**, complains and alleges as follows:

## INTRODUCTORY STATEMENT

1. Plaintiff brings this action seeking monetary damages and affirmative relief based upon Defendant's violations of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.,* the New York State Labor Law, N.Y. LAB. LAW §190 *et seq.*, the New York State Department of Labor Regulations ("NYDOL Regs"), 12 N.Y.C.R.R. §142-2.2, and other appropriate rules, regulations, statutes and ordinances.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

3. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. §1367 and other appropriate rules, regulations, statutes and ordinances.

4. The unlawful employment practices alleged below were committed within the State of New York, County of Queens. Accordingly, this action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

5. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff is a citizen of New York and resides in the County of Queens.

7. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the New York Labor Law, N.Y. LAB. LAW § 190(2) (McKinney 1986, Supp. 2001).

8. Upon information and belief, Defendant, Major Automotive Group, (hereinafter "Major" or "Defendant") is a domestic corporation operating in Queens County at 43-40 Northern Blvd., Long Island City, NY 11101.

9. At all times relevant to the Complaint, Defendants are and have been "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the New York Labor Law, N.Y. LAB. LAW § 190(3) (McKinney 1986, Supp. 2001).

10. Upon information and belief, at all times relevant to the Complaint, Defendants are and have been an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2), due to its and their operation of an automotive dealership.

2

11. Upon information and belief, at all times relevant to the Complaint, Defendants employed more than two (2) employees engaged in interstate commerce and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in connection with its operation of an automotive dealership.

12. Upon information and belief, at all times relevant to the Complaint, Defendants employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § 203 (s)(1)(B) in connection with its operation of an automotive dealership.

13. Upon information and belief, at all times relevant to the Complaint, Defendants employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j) in connection with its operation of an automotive dealership.

## FACTS

14. Plaintiff repeats and realleges each and every allegation contained herein.

15. Plaintiff was hired by Defendants in or about January 2005 as a commissioned Sales Representative.

16. As such, Plaintiff was to be compensated pursuant to the terms and conditions of a commission agreement which was executed by Plaintiff and Defendant.

17. Throughout the term of his employment with Defendants, Plaintiff performed the essential functions of his position in a more than satisfactory manner and generated substantial sales revenue for Defendants' benefit.

18. Despite this fact, at all times relevant herein, Defendants violated the terms of Plaintiff's commission agreement.

19. Throughout his tenure, Defendants, without advising Plaintiff, deviated from the terms and conditions of the commission agreement.

20. Specifically, Plaintiff was denied compensation for all earned commission at the rate of 20% as stipulated by his commission agreement with Defendants. Defendants intermittently discounted Plaintiff's commission percentage without a legitimate basis, often providing Plaintiff with little or no compensation during certain workweeks.

21. Additionally, throughout Plaintiff's tenure, Defendants made unauthorized and in some instances, undocumented withdrawals from Plaintiff's pay.

22. Further, although all relevant times herein, Plaintiff worked in excess of a forty (40) hour work week, Defendants failed to compensate Plaintiff overtime compensation for all hours' worked in excess of forty (40) hour week.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Failure to pay over-time in violation of FLSA)

23. Plaintiff repeats and re-alleges each and every allegation contained herein.

24. At all relevant times, Plaintiff was an "employee" within the meaning of the F.L.S.A. Similarly, at all relevant times herein, Defendants were and are an "employer" within the meaning of the F.L.S.A.

25. At all relevant times herein, Defendants employed Plaintiff for workweeks in excess of forty (40) hours and willfully failed to compensate Plaintiff for time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1½ x) times the regular hourly rate, contrary to the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

26. Defendants' failure to pay overtime pay as required by law, continued from 2005 through the present. As a result of the underpayment of wages alleged above, Plaintiff has incurred damages and Defendants are thereby indebted to Plaintiff for the accrued unpaid overtime compensation, liquidated damages, attorney's fees and costs, in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (Failure to Pay Accrued Overtime in Violation of New York Labor Law)

27. Plaintiff repeats and realleges each and every allegation contained herein.

28. Defendants employed Plaintiff for workweeks in excess of forty (40) hours and willfully failed to compensate Plaintiff for all time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1½ x) times the regular hourly rate, contrary to the requirements of the New York Labor Law.

29. Defendants failure to pay overtime pay as required by law, continued from 2005 through the present.

30. As a result of the underpayment of wages, Plaintiff incurred damages under the New York Labor Law, and Defendants are thereby indebted to Plaintiff for the unpaid overtime compensation, liquidated damages, attorney's fees and costs.

### THIRD CAUSE OF ACTION
### (Breach of Contract)

31. Plaintiff repeats and re-alleges each and every allegation contained herein.

32. The commission agreement entered into by Defendants determined the amount of commissions to be paid to Plaintiff.

33. Defendants willfully breached the compensation plan by failing to compensate Plaintiff according to the commission structure set forth by the Agreement.

34. By reason of Defendants' breach of the Agreement, Plaintiff has been damaged in an amount to be determined at trial plus interest.

### FORUTH CAUSE OF ACTION
### (Unlawful Payroll Deductions in Violation of the New York Labor Law)

35. Plaintiff repeats and re-alleges each and every allegation contained herein

36. At all times relevant herein, Plaintiff was an "employee" within the meaning of the New York Labor Law. Similarly, at all times relevant herein, Defendants are and were an "employer" within the meaning of the New York Labor Law.

37. As previously alleged, Plaintiff was a Sales Representative employed on a full-time basis by Defendants.

38. Defendants instituted a policy and practice of making unauthorized deductions from commissions earned by Plaintiff. Such a policy and practice was not undertaken for Plaintiff's benefit.

39. Plaintiff, therefore, is due wages from Defendants based on his earned commissions.

40. Defendants willfully, intentionally and deliberately made deductions from the earned commissions due and owing to Plaintiff without his authorization.

41. Defendants' unlawful deductions from the earned commissions due and owing to Plaintiff without his authorization were willful violations of New York Labor Law §§ 190 et seq.

42. As a result of the foregoing, Plaintiff has been denied wages required under New York Labor Law §§ 190 et seq., and has suffered substantial economic damages.

### FIFTH CAUSE OF ACTION
### (Willful Failure to Pay Wages)

43. Plaintiff repeats and re-alleges each and every allegation contained herein.

44. The earned sales commissions Defendants were contractually obligated to pay Plaintiff, as set forth herein, constitute wages within the meaning of Sections 190, 198 and 198-c of the New York Labor Law.

45. Defendants' failure to pay Plaintiff earned commissions as set forth in the Agreement was "willful" as that term is used in Article 6 of the New York Labor Law because Defendants were aware that they were required to pay Plaintiff according to the compensation structure set forth in the Agreement.

46. Defendants' willful failure to pay Plaintiff earned commissions as set forth in the Agreement violates Article 6 of the New York Labor Law.

47. Pursuant to Sections 198(1) and 198(1-A) of the New York Labor Law, Plaintiff is entitled to statutory costs, attorneys' fees, and liquidated damages in the amount of 300% of the total amount of wages found to be due.

48. Pursuant to Section 191-c(3) of the New York Labor Law, Plaintiff is entitled to double damages, an award of reasonable attorneys' fees, court costs, and disbursements in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (Unjust Enrichment – Plead in the Alternative)

49. Plaintiff repeats and re-alleges each and every allegation contained herein.

50. Periodically, throughout his employment, Defendants failed to provide Plaintiff with compensation in the form of earned sales commissions, overtime compensation and statutory minimum wages.

51. As a result of such actions, Defendants have been unjustly enriched and Plaintiff has suffered, and continues to suffer, tangible economic damages.

## SEVENTH CAUSE OF ACTION
### (Fraud)

52. Plaintiff repeats and re-alleges each and every allegation contained herein.

53. Periodically, throughout Plaintiff's term employment with Defendants, Plaintiff was not provided with earned sales commissions consistent with the requirements of his commission agreement.

54. Defendants proffered various illegitimate excuses for its failure to provide Plaintiff with his earned sales commissions.

55. Defendants intentionally and fraudulently misrepresented its reason(s) for failing to compensate Plaintiff for all earned sales commissions.

56. As a result of Defendants' actions, Plaintiff has suffered, and continues to suffer, substantial economic damages in an amount to be determined at trial.

57. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, commissions and other employment benefits, all to Plaintiff's damage, in an amount to be determined at trial.

## DEMAND FOR A JURY TRIAL

58. Plaintiff repeats and re-alleges each and every allegation herein of the Complaint with the same force and effect as if the same had been set forth at length herein.

59. Plaintiff demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff, respectfully requests that this Court grant the following relief:

   a) On the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action, an award of Plaintiff's actual damages in an amount to be determined at trial plus interest;

   b) Order Defendants to pay Plaintiff a reasonable sum for expenses pursuant to the New York Labor Law, N.Y. LAB. LAW §§ 190 et seq.

   c) An award of liquidated damages where allowed by statute;

   d) Defendants be ordered to pay Plaintiff pre and post judgment interest;

   e) Order Defendants to pay all costs and disbursements of this action, including Plaintiff's attorneys' fees;

f) Declare Defendants violated the Fair Labor Standards Act and the New York State Labor Law; and

g) Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
February 6, 2013

ZABELL & ASSOCIATES, P.C
*Attorneys for Plaintiff*

By: _____
Saul D. Zabell
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel.: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com

## FAIR LABOR STANDARDS ACT CONSENT

I, the undersigned, consent to be a party in <u>Torres v. Major Automotive Group</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

_____
José Torres

Dated: Bohemia, New York
~~December 31, 2012~~
February 5, 2013