UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE TORRES,<br><br>                        Plaintiff,<br><br>      -against-<br><br>THE MAJOR AUTOMOTIVE GROUP,<br>MAJOR WORLD, HAROLD BENDELL,<br>CHRIS ORSARIS and ADAM COHEN,<br><br>                        Defendants. | Civil Action No.: 13-cv-00687-NGG-CLP<br><br><br><br>**ANSWER** |

      Defendants The Major Automotive Group, Major Chevrolet, Inc. sued incorrectly herein as Major World, Harold Bendell and Adam Cohen (collectively "Major Defendants"), by their attorneys, Squitieri & Fearon, LLP, as and for their Answer, allege as follows:

## NATURE OF ACTION

      1.      Deny the allegations contained in paragraph 1, except admit that Plaintiff purports to bring this action pursuant to the referenced statutes.

      2.      Deny that this Court has jurisdiction of this claim by virtue of an arbitration agreement between Plaintiff and his employer, Major Chevrolet, Inc..

      3.      Deny the allegations contained in paragraph 3.

      4.      Deny the allegations contained in paragraph 4.

      5.      Deny the allegations contained in paragraph 5.

## THE PARTIES

      6.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6.

      7.      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7.

8. Deny the allegations contained in paragraph 8.

9. Deny the allegations contained in paragraph 9.

10. Deny the allegations contained in paragraph 10.

11. Deny the allegations contained in paragraph 11.

12. Deny the allegations contained in paragraph 12.

13. Deny the allegations contained in paragraph 13.

## FACTS

14. Major Defendants repeat and reallege each and every Answer to the paragraphs referred to in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15, except admit that Plaintiff was employed by Major Chevrolet, Inc. as a sales representative.

16. Deny the allegations contained in paragraph 16, except admit that Torres was entitled to commissions for sales of vehicles while he was employed by Major Chevrolet, Inc.

17. Deny the allegations contained in paragraph 17, except admit that plaintiff was credited with the sale of vehicles for commission purposes.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21.

22. Deny the allegations contained in paragraph 22.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Failure to Pay Over-Time in Violation of FLSA)

23. Repeat the responses to the allegations contained in the preceding paragraphs in response to paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

### SECOND CAUSE OF ACTION
### (Failure to Pay Accrued Overtime In Violation of New York Labor Law)

27. Repeat the responses to the allegations contained in the preceding paragraphs in response to paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29.

30. Deny the allegations contained in paragraph 30.

### THIRD CAUSE OF ACTION
### (Breach of Contract)

31. Repeat the responses to the allegations contained in the preceding paragraphs in response to paragraph 31 of the Complaint.

32. Admit the allegations contained in paragraph 32.

33. Deny the allegations contained in paragraph 33.

34. Deny the allegations contained in paragraph 34.

## FOURTH CAUSE OF ACTION
### (Unlawful Payroll Deductions in Violation of the New York Labor Law)

35. Repeat the responses to the allegations contained in the preceding paragraphs in response to paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36.

37. Deny the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38 and refer all questions of law to the Court.

39. Admit the allegations contained in paragraph 39.

40. Deny the allegations contained in paragraph 40.

41. Deny the allegations contained in paragraph 41.

42. Deny the allegations contained in paragraph 42.

## FIFTH CAUSE OF ACTION
### (Willful Failure to Pay Wages)

43. Repeat the responses to the allegations contained in the preceding paragraphs in response to paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44, and refer all questions of law to the Court.

45. Deny the allegations contained in paragraph 45, and refer all questions of law to the Court.

46. Deny the allegations contained in paragraph 46, and refer all questions of law to the Court.

47. Deny the allegations contained in paragraph 47.

48. Deny the allegations contained in paragraph 48, and refer all questions of law to the Court.

## SIXTH CAUSE OF ACTION
### (Unjust Enrichment – Plead In the Alternative)

49. Repeat the responses to the allegations contained in the preceding paragraphs in response to paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50.

51. Deny the allegations contained in paragraph 51.

## SEVENTH CAUSE OF ACTION
### (Fraud)

52. Repeat the responses to the allegations contained in the preceding paragraphs in response to paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53.

54. Deny the allegations contained in paragraph 54.

55. Deny the allegations contained in paragraph 55.

56. Deny the allegations contained in paragraph 56.

57. Deny the allegations contained in paragraph 57.

## FIRST AFFIRMATIVE DEFENSE

58. The Complaint fails to state any claims for relief against any of the Major Defendants.

## SECOND AFFIRMATIVE DEFENSE

59. On information and belief, Plaintiff has failed to mitigate his alleged damages.

**THIRD AFFIRMATIVE DEFENSE**

60. Plaintiff has suffered no damages or pecuniary loss attributable to actionable conduct by Major Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

61. Plaintiff's claims are barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

62. Plaintiff's claims are barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

63. Plaintiff's claims are barred by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

64. Plaintiff's claims are barred by the doctrine of *in pari delicto.*

**EIGHTH AFFIRMATIVE DEFENSE**

65. Plaintiff's claims are barred by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

66. Plaintiff's claims are barred by the doctrines of accord and satisfaction, ratification, confirmation and acquiescence.

**TENTH AFFIRMATIVE DEFENSE**

67. Plaintiff's claims are time-barred in whole or part.

**ELEVENTH AFFIRMATIVE DEFENSE**

68. Major Defendants' acts were undertaken in good faith without reckless disregard for Plaintiff's statutory rights, in compliance with and reliance on applicable laws, rules, regulations, rulings, approvals, interpretations and orders and with reasonable grounds for believing that their actions were in compliance with the law.

**TWELFTH AFFIRMATIVE DEFENSE**

69. Any damages Plaintiff allegedly sustained resulted from Plaintiff's own culpable or negligent conduct, or that of third parties, and was not the proximate result of any act of Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

70. At all times relevant, Major Defendants acted reasonably and in the proper and lawful exercise of their discretion and business judgment, and without intent to violate Plaintiff's rights.

**FOURTEENTH AFFIRMATIVE DEFENSE**

71. Plaintiff was exempt pursuant to the applicable statutes because he was commissioned salespeople who were paid more than one and one half times the applicable minimum wage, and as a result they were fully compensated.

**FIFTEENTH AFFIRMATIVE DEFENSE**

72. Plaintiff's claims are precluded by, or barred as inconsistent with, applicable agreements, including collective bargaining agreements and an arbitration agreement.

### SIXTEENTH AFFIRMATIVE DEFENSE

73. Any premium and overtime pay Plaintiff received during the course of his employment must be offset against any alleged liability asserted in the Complaint, in whole or in part.

### SEVENTEENTH AFFIRMATIVE DEFENSE

74. Plaintiff has not satisfied all of the conditions precedent and procedural prerequisites to maintain this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

75. To the extent Plaintiff was compensated beyond his actual entitlement such additional compensation would satisfy in whole or part his claims herein.

### NINETEENTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are subject, in whole or part, to set-off.

### TWENTIETH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred in whole or in part because neither the individual defendants nor the entity defendants were their "employer" under the FLSA.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

78. Some or all of the time for which Plaintiff seeks compensation is not compensable working time under the applicable statutes.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred in whole or part by after-acquired evidence of misconduct.

WHEREFORE, Defendants respectfully request that:

a. The Court dismiss the Complaint in its entirety with prejudice;

b. The Court award Defendants the costs and expenses incurred in connection with this action, including reasonable attorneys' fees;

c. The Court grant such other and further relief as is just and proper; and

d. The Court stay this action to the extent it is subject to arbitration.

Dated: New York, New York
October 3, 2013

SQUITIERI & FEARON, LLP

By: /s/ Lee Squitieri
    Lee Squitieri
32 East 57th Street
12th Floor
New York, New York 10022
Tel: 212-421-6492
Fax: 212-421-6553
lee@sfclasslaw.com

*Attorneys for Major Automotive Defendants (Excluding Chris Orsaris)*

9